## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**OPHELIA WALKER,**

      **Plaintiff,**

**v.**                                    **CASE NO.:**

**ALLAMANDA INVESTMENTS, LLC**
**d/b/a I-DRIVE GRAND RESORT & SUITES,**
**a Florida Limited Liability Company, and**
**HELEN JAMES, individually,**

      **Defendants.**                   **/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, OPHELIA WALKER, by and through the undersigned attorney, sues the Defendants, ALLAMANDA INVESTMENTS, LLC d/b/a I-DRIVE GRAND RESORT & SUITES, a Florida Limited Liability Company (hereinafter "IGR"), and HELEN JAMES, individually, and alleges:

1.     Plaintiff was an employee of Defendants and brings this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2.     Plaintiff was an employee who worked for Defendants in Orange County, Florida.

3.     Plaintiff worked for Defendants from around October 2018 to August 2019 as a piece rate employee at the rate of $3.50 per room.

4.      Specifically, Plaintiff worked as a Housekeeping Supervisor and Laundry Attendant.

5.      At all times material to this cause of action, Defendant IGR was an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

6.      At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7.      Defendant IGR is a Florida Limited Liability Company that operates and conducts business in Orange County, Florida and is, therefore, within the jurisdiction of this Court.

8.      Defendant IGR operates as a hotel in Orlando, Florida.

9.      At all times relevant to this action, HELEN JAMES was an individual resident of the State of Florida, who owned and operated IGR and who regularly exercised the authority to (a) hire and fire employees of IGR; (b) determine the work schedules for the employees of IGR, and (c) control the finances and operations of IGR.  By virtue of having regularly exercised that authority on behalf of IGR, HELEN JAMES is/was an employer as defined by 29 U.S.C. § 201, et seq.

10.      This action is brought under the FLSA to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

12.      During Plaintiff's employment with Defendants, Defendant IGR earned

more than $500,000.00 per year in gross revenues.

13.     Defendant IGR employed approximately twenty (20) employees and paid these employees plus earned a profit from their business.

14.     During Plaintiff's employment, Defendant IGR employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which traveled in interstate commerce, including but not limited to computers, cash registers, telephones, cleaning supplies, and other tools/materials used to run the business.

15.     Therefore, at all material times relevant to this action, Defendant IGR was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s), and Fla. Const. Art. X § 24.

<u>**Minimum Wage and Overtime Violations**</u>

16.     At all times relevant to this action, Defendants failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendants for which she was not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

17.     During Plaintiff's employment with Defendants, in one or more weeks Plaintiff did not receive at least mininimum wage for all hours worked by her.

18.     During her employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per workweek during one or more workweeks.

19.     During her employment with Defendants, Plaintiff routinely worked overtime hours, increasing each month of her employment with Defendants.

20.     Plaintiff is entitled to at least minimum wage for all hours worked.

21.     Plaintiff is entitled to her regular rate of pay plus the half-time premium for all hours worked in excess of forty (40) per week.

22.     Based upon the above policies, Defendants have violated Fla. Const. Art. X § 24 by failing to pay the full minimum wage for each hour worked.

23.     Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

24.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

25.     Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

26.     All conditions precedent to this action have been performed or waived.

**<u>COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)</u>**

27.     Paragraphs one (1) through twenty-six (26) above are fully realleged and incorporated herein.

28.     Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

29.     Florida's minimum wage rate in 2019 is $8.25 per hour.

30.     During her employment with Defendants, Plaintiff was not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 2

31.     As a result of Defendants' intentional, willful and unlawful acts in

refusing to pay Plaintiff minimum wages for each hour worked in one or more workweeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

32.     Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

33.     As a result of Defendants' willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

34.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, OPHELIA WALKER, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

35.     Paragraphs one (1) through twenty-six (26) above are fully realleged and incorporated herein.

36.     Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

37.     During her employment with Defendants, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

38.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more workweeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and

costs.

39.     Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

40.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

41.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, OPHELIA WALKER, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)

42.     Paragraphs one (1) through twenty-six (26) above are fully realleged and incorporated herein.

43.     Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek.

44.     During her employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

45.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages plus

incurring reasonable attorneys' fees and costs.

46.     Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per workweek.

47.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

48.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, OPHELIA WALKER, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 29th day of June, 2020.


*/s/ JOLIE N. PAVLOS*
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: JPavlos@forthepeople.com
Attorneys for Plaintiff