**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OPHELIA WALKER,**

**Plaintiff,**

**v.** **Case No: 6:20-cv-1149-Orl-22EJK**

**ALLAMANDA INVESTMENTS, LLC and HELEN JAMES,**

**Defendants.**
______________________________________/

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's Motion to Amend Complaint and Stay Scheduling Order (the "Motion") (Doc. 20), filed September 14, 2020. The undersigned previously granted in part and took under advisement in part the Motion. (Doc. 21.) Specifically, I granted the Motion to stay the deadlines set forth in the FLSA Scheduling Order (Doc. 16), and took the remainder of the Motion under advisement to allow Defendant, Allamanda Investments, LLC ("Allamanda"), to file its response in opposition to Plaintiff's Motion to amend her Complaint. (Doc. 21.) Allamanda responded in opposition on September 21, 2020. (Doc. 22.) Thus, the Motion is ripe for review. Upon consideration, I respectfully recommend that the Motion be granted, as set forth herein.

## I. BACKGROUND

Plaintiff, Ophelia Walker, sues Allamanda and Helen James for minimum wage and overtime compensation violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–209, and for minimum wage violations of Article X, Section 2 of the Florida Constitution. (Doc. 1.) Allamanda answered the Complaint and filed a Counterclaim for unpaid rent Plaintiff allegedly owes as its prior tenant. (Doc. 15.) Plaintiff has moved to dismiss the Counterclaim. (Doc. 19.)

Plaintiff now seeks leave to amend her Complaint pursuant to Federal Rules of Civil Procedure 15 and 16 and to drop Allamanda as a party pursuant to Rule 21. (Doc. 20.) Plaintiff asserts that she recently discovered that she was not employed by Allamanda, but rather, by Kirkman Management, LLC, which is currently not a party to this suit. (*Id.* at 2.) Therefore, Plaintiff seeks to dismiss Allamanda from this case and amend her Complaint to name Kirkman Management, LLC, as a defendant. (*Id.*)

## II. DISCUSSION

### A. Motion to Drop Allamanda Investments, LLC, Pursuant to Rule 21

Pursuant to Rule 21, which governs "Misjoinder and Nonjoinder of Parties," "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Allamanda does not object to Plaintiff's request that it be dropped as a Defendant in this matter. However, it opposes Plaintiff's Motion to do so solely by amending the Complaint, asserting that is not the proper procedure in this instance. (Doc. 22 at 2.) While Allamanda fails to elaborate further on this argument, it does not appear to recognize that Plaintiff has requested that the Court drop it as a party pursuant to Rule 21. (Doc. 20 at 3.)

As both parties agree that Allamanda should be dropped from this case, the undersigned recommends that the Court do so. The only disagreement between the parties appears to be the procedural mechanism for doing so. Plaintiff suggests Rule 21, whereas Defendant states that Plaintiff should have voluntarily dismissed the action under Rule 41 or moved to drop it under Rule 21, which Plaintiff did in the instant Motion. (Docs. 20, 22.)

However, the undersigned finds that Rule 21 is not the proper mechanism to drop Allamanda from this case. "Rule 21 is generally used to preserve a federal court's diversity jurisdiction by dropping a nondiverse dispensable party or cure defects in joinder." *Solis v. New*

*China Buffet #8, Inc.*, No. 5:10-CV-78 (CAR), 2011 WL 13250482, at *2 (M.D. Ga. 2011) (citing *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985)). The instant case arises under federal law and, thus, Rule 21 is not being used to preserve diversity jurisdiction. *See id.* Rather, the Court can construe Plaintiff's motion to drop Allamanda from this case as a motion made pursuant to Federal Rule of Civil Procedure 41(a)(2). That Rule allows the Court to dismiss an action, at the plaintiff's request, "on terms that the court considers proper." The parties agree that Plaintiff mistakenly named Allamanda as Plaintiff's employer, when in fact, it never employed Plaintiff relative to the claims asserted here. Therefore, the undersigned finds these terms to be proper for dismissing Allamanda from this case. Ultimately, I recommend that the Court construe Plaintiff's motion to drop Allamanda as a party under Rule 21 as a motion to dismiss it under Rule 41(a)(2) and dismiss Plaintiff's claims against it with prejudice.

Defendant also requests in its response that its pending Counterclaim be transferred to county court in Orange County, Florida, or dismissed without prejudice for lack of subject matter jurisdiction, to allow for filing in state court. Finding the latter option to be more appropriate, the undersigned recommends that the Court dismiss without prejudice Allamanda's pending Counterclaim, so that it may refile it in state court, if it chooses to do so.

**B. Motion to Amend Complaint**

As to Plaintiff's Motion to file an Amended Complaint, Federal Rule of Civil Procedure 15 provides that leave to amend a complaint prior to trial should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, "[a] district court may deny a motion to amend on 'numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) (unpublished) (quoting *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*,

342 F.3d 1281, 1287 (11th Cir. 2003)). As no party has directly opposed Plaintiff's request, and the case is still in its early stages, the undersigned recommends that Plaintiff's motion to file an Amended Complaint be granted.

## III. RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Plaintiff's Motion to Amend Complaint and Stay Scheduling Order (Doc. 20) as follows:
   a. **DISMISS** Plaintiff's claims in the Complaint (Doc. 1) against Defendant Allamanda Investments, LLC, from this action **WITH PREJUDICE,** pursuant to Federal Rule of Civil Procedure 41(a)(2);
   b. **DISMISS** Defendant Allamanda Investments, LLC's Counterclaim (Doc. 15) against Plaintiff **WITHOUT PREJUDICE**; and
   c. **GRANT** Plaintiff's Motion for leave to file an Amended Complaint, **ALLOW** Plaintiff an appropriate amount of time in which to file it as a separate docket entry on the docket, and **SPECIFY** a time period for Plaintiff to serve the newly added defendant, Kirkman Management, LLC, as well as Defendant, Helen James, who has not yet been served in this case; and
2. **DENY AS MOOT** Plaintiff's Motion to Dismiss Defendant Allamanda Investments, LLC's Counterclaim (Doc. 19).

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on October 8, 2020.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record