IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OPHELIA WALKER,**

 **Plaintiff,**

v.          CASE NO.: 6:20-CV-01149-ACC-EJK

**KIRKMAN MANAGEMENT, LLC,**
a Florida Limited Liability Company, and
**HELEN KWOK, individually,**

 **Defendants.**     /

**FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

 Plaintiff, OPHELIA WALKER, by and through the undersigned attorney, sues the Defendants, KIRKMAN MANAGEMENT, LLC, a Florida Limited Liability Company (hereinafter "Kirkman Management"), and HELEN KWOK, individually, and alleges:

 1. Plaintiff was an employee of Defendants and brings this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

 2. Plaintiff was an employee who worked for Defendants in Orange County, Florida.

 3. Plaintiff worked for Defendants from around October 2018 to August 2019 as a piece rate employee at the rate of $3.50 per room.

4. Specifically, Plaintiff worked as a Housekeeping Supervisor and Laundry Attendant.

5. At all times material to this cause of action, Defendant Kirkman Management was an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

6. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant Kirkman Management is a Florida Limited Liability Company that operates and conducts business in Orange County, Florida and is, therefore, within the jurisdiction of this Court.

8. However, Defendant Kirkman Management has been concealing their whereabouts based on the following conduct:

    a. Plaintiff worked at the I-Drive Grand Resort & Suites located at 7050 South Kirkman Road from approximately October 2018 to August 2019. (Compl., Doc. 1, at ¶¶ 3, 8).

    b. The I-Drive Grand Resort & Suites is/was owned by a company called Allamanda Investments, LLC ("AI") and managed by a company called Kirkman Management, LLC ("Kirkman"). (AI Counter Cl., Doc. 15, at ¶ 3); (Second Am. Compl., Doc. 34, at ¶ 8). Both companies share the same principal address. *See* Copies of AI's and Kirkman's corporate filings with the Florida Division of Corporations, (Doc. 41-1) and (Doc.

41-2), respectively. The "managers" identified by the companies also share the same last name ("Kwok"). *See id*.

c. On June 29, 2020, Plaintiff filed a Complaint against AI and Helen James for unpaid minimum wages and overtime compensation. (Compl., Doc. 1).

d. On July 28, 2020, Plaintiff successfully served AI with service of process.

e. On August 17, 2020, AI filed an Answer and Counterclaim, through their attorneys, David S. Cohen, Esq. and Lee N. Bernbaum, Esq., of the Law Offices of David S. Cohen. (Answer, Doc., 15).

f. In their counter claim, AI admitted it was the owner of the property at 7050 South Kirkman Road but denied it employed Plaintiff. (AI Counter Cl., Doc. 15, at ¶ 3). This alerted Plaintiff to the distinction between the property owner and the management company, and Plaintiff learned she was employed by the management company, Kirkman. Plaintiff subsequently filed her first Motion to Amend Complaint for the purpose of substituting AI for the proper defendant, Kirkman. (Pl. First Mot. to Am., Doc. 20). This Court granted Plaintiff's First Motion to Amend on October 30, 2020. (Doc. 24).

g. On November 6, 2020, Plaintiff filed her First Amended Complaint (Doc. 25).

h. The Summons and Amended Complaint were given to Plaintiff's

      process server Attorneys Legal Services, Inc. Undersigned Counsel has attached an Affidavit in support of Plaintiff's attempts to serve Kirkman, (Doc. 42-3).

i.    On November 18, 2020, the process server attempted service on the registered agent at the I-Drive Grand Resort & Suites but discovered the location had been condemned as a fire hazard by the City of Orlando Code Enforcement Department. *See* Affidavit of Non-Service, Kirkman Management, LLC, D.E. 29-2; Aff., (Doc. 42-3), at ¶ 5.

j.    Undersigned Counsel subsequently performed an investigation to discover additional information regarding the hotel's condemnation. Aff., Ex. C at ¶ 6. Undersigned Counsel obtained a copy of the condemnation notice, (Doc. 41-4), and a copy of the Statement of Violation and Notice of Hearing ("NOH"). (Doc. 41-5). This confirmed the hotel was condemned and a hearing was set to go forth on December 9, 2020, for the issue to be heard. *See* NOH, (Doc. 41-5 at p. 6). The NOH also listed the following relevant individuals: Helen Emily Kwok as the owner/person in charge and Law Office of David Cohen as the legal representative. *See id.* at 1.

k.    Following the December 9, 2020 hearing, Undersigned Counsel conducted further investigation to determine whether the hotel had successfully reopened. Specifically, Undersigned Counsel conducted an internet search to determine whether the hotel was taking

      reservations and learned that it was not. *See* Aff., (Doc. 41-3 at ¶ 7). Additionally, Undersigned Counsel conducted a search of the Florida Division of Corporations to determine whether Kirkman updated their corporate address in light of the property closure and learned it did not. *See id.*; *see also* (FL. Div. of Corp. filing dated December 14, 2020, Doc. 29-1).

l.    Due to the hotel's continued closure and failure to update their corporate filings with a current address, Plaintiff had exhausted her efforts to serve Kirkman by traditional means and sought to serve Kirkman using the method of substituted service of process pursuant to Fla. Stat. § 48.161 by serving the Florida Secretary of State. On December 14, 2020, Plaintiff filed a Motion to Extend Time to Serve Summons and Amended Complaint setting forth Plaintiff's difficulties serving Kirkman due to the condemnation and sought the Court's permission to serve Kirkman through the Florida Secretary of State. *See* (Mot. to Ext., Doc. 29).

m.    Following this Court's Order, (Doc. 30), Plaintiff proceeded with conducting substituted service on Kirkman. *See* Aff., (Doc. 41-3 at ¶ 9). Plaintiff mailed a package to the Secretary of State including a Cover Letter, a check in the amount of $8.75, a copy of the summons, a copy of the original Affidavit of Non-service, and a copy of the Amended Complaint. *See* copy of the letter and contents, (Doc. 41-6). The

        Florida Secretary of State was served with process on January 29, 2021 at 04:00 p.m. (Aff. of Service, Doc. 35). On February 12, 2021, Plaintiff filed the Affidavit of Service with this Court. *See id.*

n.   On the same date Plaintiff sent the letter and summons to the Florida Secretary of State, Plaintiff sent separate correspondence to Kirkman. *See* copy of the letter and contents, (Doc. 41-7). The letter notified Kirkman that Plaintiff had made attempts to serve them at their principal place of business, which is the same address as their registered agent, but were unsuccessful due to the hotel's condemnation. *See id.* The letter further notified Kirkman that due to Plaintiff's inability to serve them through traditional means, Plaintiff served them using the method of substituted service by serving the Florida Secretary of State. *See id.* With the letter, Plaintiff enclosed a copy of all of the documents sent to the Florida Secretary of State. *See id.* The letter was returned to sender for "insufficient address" indicating that a suite number was needed. *See* copy of return mail, (Doc. 41-8). Plaintiff is unaware of any suite number or an alternate address. The only address Plaintiff can locate is the principal address of the company and their registered agent's address per their corporate filings which is the same address Plaintiff mailed the letter to. *Compare* (Doc. 41-8) and (Doc. 41-2).

9.   Defendant Kirkman Management manages the operations of a hotel

called the I-Drive Grand Resort & Suites in Orlando, Florida.

10. At all times relevant to this action, HELEN KWOK was an individual resident of the State of Florida, who owned and operated Kirkman Management and who regularly exercised the authority to (a) hire and fire employees of Kirkman Management; (b) determine the work schedules for the employees of Kirkman Management, and (c) control the finances and operations of Kirkman Management. By virtue of having regularly exercised that authority on behalf of Kirkman Management, HELEN KWOK is/was an employer as defined by 29 U.S.C. § 201, et seq.

11. Helen Kwok is a resident of the State of Florida, residing at 593 Dunmar Circle, Winter Springs, FL 32708.

12. However, Defendant Kwok has been concealing her whereabouts based on the following conduct:

    a. During her employment, Plaintiff reported to an individual who went by the name Helen James. (Compl., Doc. 1, at ¶ 9). Plaintiff recently discovered Helen's legal last name is not "James" but is "Kwok" – the same last name as the "managers" of AI and Kirkman. *See* Copies of AI's and Kirkman's corporate filings with the Florida Division of Corporations, (Doc. 41-1) and (Doc. 41-2), respectively.

    b. Plaintiff hired a process server who originally attempted to serve Ms. Kwok at the I-Drive Grand Resort & Suites where she works. However, the hotel was condemned as a fire hazard on August 31, 2020, which

7

      prevented Plaintiff from being able to make service at the property. *See* Affidavit of Non-Service attached as **Exhibit "A."** Plaintiff's process server further noted that they conducted a search for further information on the whereabouts for Helen James and could not locate her. *See id.*

c. Undersigned Counsel subsequently performed an investigation to discover additional information regarding the hotel's condemnation. Aff., (Doc. 41-3) at ¶ 6. Undersigned Counsel obtained a copy of the condemnation notice, (Doc. 41-4), and a copy of the Statement of Violation and Notice of Hearing ("NOH"). (Doc. 41-5). This confirmed the hotel was condemned and a hearing was set to go forth on December 9, 2020, for the issue to be heard. *See* NOH, (Doc. 41-5 at p. 6). The NOH also listed the following relevant individuals: Helen Emily Kwok as the owner/person in charge and Law Office of David Cohen as the legal representative. *See id.* at 1.

d. Based on this newly obtained information Plaintiff realized that Helen "Kwok" must be Helen James' legal name. Plaintiff informed the Court she would be doing investigation to confirm Ms. James' legal identity and whereabouts in order to effectuate service of process upon her. *See id.* This Court granted Plaintiff's Order on December 15, 2020. (Doc. 30).

e. An investigation of the Seminole County property appraiser's website showed that Helen Kwok resided at 593 Dunmar Circle, Winter Springs, FL 32708. *See* https://parceldetails.scpafl.org/ParcelDetailInfo.aspx?PID=1121303AG134D0000, attached as **Exhibit "B."**

f. This Court issued an updated summons on February 25, 2021 (Doc. 38) to allow Plaintiff the ability to serve Helen Kwok at the newly discovered address.

g. The same day, Plaintiff provided her process server with a copy of the summons to attempt to serve Plaintiff. *See* Affidavit of Non-Service, attached as **Exhibit "C"** (showing the process server's first attempt to serve Defendant Kwok on February 25, 2021).

h. From February 25, 2021 to March 24, 2021, Plaintiff's process server attempted to serve Ms. Kwok at her registered address 11 times with no success. *See id.*

i. Plaintiff's process server cannot find any other information on Helen Kwok to allow further search. *See id.*

j. On March 31, 2021, Plaintiff's counsel performed a search of the Seminole County Property Appraiser's website and cannot find an alternate address for Defendant Kwok. Kwok is still listed as the owner of the property. *See id.*

k. Seminole County Tax records show Ms. Kwok paid taxes on this

9

property as recently as November 28, 2020. *See* Tax Receipt, https://payments.seminolecounty.tax/ asp/payresult.asp?txtAccountID=1121303AG134D0000, attached as **Exhibit "D."**

13. This action is brought under the FLSA to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

14. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

15. During Plaintiff's employment with Defendants, Defendant Kirkman Management earned more than $500,000.00 per year in gross revenues.

16. Defendant Kirkman Management employed approximately twenty (20) employees and paid these employees plus earned a profit from their business.

17. During Plaintiff's employment, Defendant Kirkman Management employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which traveled in interstate commerce, including but not limited to computers, cash registers, telephones, cleaning supplies, and other tools/materials used to run the business.

18. Therefore, at all material times relevant to this action, Defendant Kirkman Management was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s), and Fla. Const. Art. X § 24.

## **Minimum Wage and Overtime Violations**

19. At all times relevant to this action, Defendants failed to comply with

Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendants for which she was not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

20. During Plaintiff's employment with Defendants, in one or more weeks Plaintiff did not receive at least mininimum wage for all hours worked by her.

21. During her employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per workweek during one or more workweeks.

22. During her employment with Defendants, Plaintiff routinely worked overtime hours, increasing each month of her employment with Defendants.

23. Plaintiff is entitled to at least minimum wage for all hours worked.

24. Plaintiff is entitled to her regular rate of pay plus the half-time premium for all hours worked in excess of forty (40) per week.

25. Based upon the above policies, Defendants have violated Fla. Const. Art. X § 24 by failing to pay the full minimum wage for each hour worked.

26. Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

27. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

28. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

29. All conditions precedent to this action have been performed or waived.

## COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

30. Paragraphs one (1) through twenty-nine (29) above are fully realleged and incorporated herein.

31. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

32. Florida's minimum wage rate in 2019 is $8.25 per hour.

33. During her employment with Defendants, Plaintiff was not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 2

34. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more workweeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

35. Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

36. As a result of Defendants' willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, OPHELIA WALKER, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate, damages, reasonable attorneys' fees and costs

incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### **COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)**

38. Paragraphs one (1) through twenty-nine (29) above are fully realleged and incorporated herein.

39. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

40. During her employment with Defendants, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

41. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more workweeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

42. Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

43. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, OPHELIA WALKER, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court

determines to be just and appropriate.

**COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)**

45.     Paragraphs one (1) through twenty-nine (29) above are fully realleged and incorporated herein.

46.     Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek.

47.     During her employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

48.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

49.     Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per workweek.

50.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

51.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, OPHELIA WALKER, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular

rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 1, 2021.  Respectfully submitted,

***JOLIE N. PAVLOS***
Jolie N. Pavlos, Esquire
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email:       jpavlos@forthepeople.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

**/s/ Jolie N. Pavlos**
Jolie N. Pavlos, Esquire