UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OPHELIA WALKER,

      Plaintiff,                CASE NO.: 6:20-CV-01149-ACC-EJK

vs.

KIRKMAN MANAGEMENT,
LLC, and HELEN KWOK,

      Defendants.
_____

## SECOND AMENDED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, OPHELIA WALKER (the "Plaintiff"), and Defendants, KIRKMAN MANAGEMENT, LLC and HELEN KWOK ("Defendants") (all parties collectively referred to as the "Parties"), jointly request that this Court approve the Parties' settlement of the above-captioned matter. Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA") and the Parties seek this Court's approval of the Parties' FLSA Settlement Agreement ("Settlement Agreement"). The Parties' executed Amended Settlement Agreement is attached as **Exhibit "A."**

    I.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which compromised claims under the FLSA can be settled

1

and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d at 1226. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti*, 715 F. Supp. 2d at 1227. Where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id.* at 1228.

**II.**     **Background**

Plaintiff, through her undersigned counsel, Morgan & Morgan, P.A. filed the instant action on June 29, 2020. (D.E. 1). In response, Defendants retained the Law Offices of David S. Cohen, LC to defend such allegations.

3

The parties engaged in months of motion practice before Defendants finally answered Plaintiff's Complaint on May 5, 2021. (D.E. 48).

Thereafter, the Parties engaged in months of informal settlement negotiations before reaching a stand still. The Parties agreed to enlist the services of a third-party mediator to see if an agreement could be reached. After several hours of negotiation with experienced wage and hour mediator, Carlos Burruezo, Esq., on December 20, 2021, the Parties reached an agreement to resolve this matter. In addition, the Parties also negotiated the terms of a Mutual General Release in light of an antagonistic relationship which ensued between the Parties, including threatened counter-claims by Defendants.

On February 15, 2022, this Court denied the Parties' original settlement agreement for failure to include liquidated damages or, in the alternative, for Defendants' failure to establish a good faith defense. [D.E. 71]. As discussed *infra*, the Parties renegotiated the settlement to include an amount to settle liquidated damages.

### III. <u>Facts and Settlement Terms</u>

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiff against her former employers for unpaid

minimum wages and overtime wages, which was adversarial in nature. The Parties agree the instant action involves disputed issues. Specifically, Plaintiff alleges that Defendants did not pay her proper overtime compensation by classifying her as an independent contractor and incorrectly calculating her hours worked, and by failing to pay for all hours worked on one or more occasions. Plaintiff, through her undersigned counsel, prepared an estimated damages calculation estimating a total of $8,384.53 in unpaid minimum and overtime wages.

Defendants dispute these allegations. Defendants also assert that even if Plaintiff could prove a violation under the FLSA, that Plaintiff did not work the number of hours that she alleges and that even if she did Defendants did not authorize Plaintiff to work such hours and/or was not aware that Plaintiff worked such hours. Accordingly, there are disputed issues as to whether Plaintiff worked any unpaid hours, and if so, the number of hours worked and whether the Defendants knew or should have known that Plaintiff worked such hours. Defendants also assert that even if Plaintiff were to prove a violation of the FLSA, that she would not be entitled to recover liquidated damages because (1) Defendant was not aware of the hours worked evidencing reasonable grounds to believe that its compensation to Plaintiff was compliant with the FLSA, and (2) that it had reasonable grounds to believe Plaintiff was properly classified based on Defendant's more than

fifteen (15) years of experience in the industry and that it had not previously received any complaints by an employee and/or the Department of Labor regarding its compensation practices.

The Parties are mindful of the costs and risks associated with continued litigation. Through counsel, the Parties exchanged documents and other information and engaged in numerous telephonic and electronic conversations, as well as mediation with experienced wage and hour mediator, Carlos Burruezo, Esq., in an attempt to resolve Plaintiff's FLSA disputes without litigation. Plaintiff understands that if she proceeds with litigation, it might be difficult to prove entitlement to any damages and to prove the number of hours she worked.[1] On the other hand, Defendants are also aware of the time and costs associated with moving forward with litigation and trial. In light of these risks, after exchanging records and engaging in numerous settlement discussions over several months, the case was resolved by counsel for the Parties for a total of $6,750.00, with $1,750.00 allocated to Plaintiff for full relief of all overtime and minimum wages, $1,750.00 allocated to Plaintiff for liquidated damages alleged by her, $250.00 allocated to Plaintiff in exchange for execution of a mutual general release,

---

[1] Additionally, for personal reasons wholly unrelated to the merits of Plaintiff's claims, Plaintiff is highly motivated to bring swift finality to this matter and has a pressing need for financial recovery from this case.

and $3,000 allocated for Plaintiff's attorneys' fees and costs incurred in connection with the instant action. The amount set aside for attorneys' fees and costs was negotiated separately and without regard to the amounts paid to Plaintiff.

The Parties also had an antagonistic employment relationship which included disagreements unrelated to Plaintiff's FLSA claims, which led to the Parties' Mutual Release Agreement. Specifically, Plaintiff was a tenant of Defendants'. Defendants allege that Plaintiff failed to pay all rents agreed to which led to Plaintiff's eviction, and that Defendants are entitled to recovery of past due rent. Plaintiff vehemently denies such allegations but desires to resolve this dispute without litigation. As such, the mutual release was of particular importance to the Defendants <u>and</u> Plaintiff for reasons unrelated to the FLSA claims. Specifically, Plaintiff and Defendants both want assurance that the other will not pursue future claims against them. The Mutual Release Agreement does not provide an unfair benefit on the Defendant/Employer because the terms are in fact mutual. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-1351 (discussion regarding general releases in FLSA cases which frequently extract a gratuitous release of all claims against only the employer and therefore provide an "unfair benefit on the employer."). The mutual release was negotiated separate and apart from Plaintiff's FLSA settlement, was required by both Parties, and is in the best

7

interest of the Defendants <u>and</u> the Plaintiff. *Id.* at 1352 (holding that compromised FLSA settlements which include a release of all claims limited to employers fail judicial scrutiny).

The Parties, through their attorneys, voluntarily agreed to the terms of the Settlement Agreement. All Parties were advised and represented by experienced employment law counsel throughout the settlement process. There is no evidence of fraud or collusion. Furthermore, Plaintiff knowingly, voluntarily, and intelligently entered into this settlement, which was reached only after considerable and extensive discussion, analysis, consideration, and negotiation by Plaintiff, Defendant, and their respective counsel, following a lengthy mediation before an experience wage and hour mediator.

Because all sides had counsel and felt that they were adequately represented, the discussions of their respective legal positions were done through counsel. This significantly reduced the animosity that was clearly evident among the Parties prior to involvement by counsel. The discussions between counsel were limited to the legal concerns, which involved the FLSA claims for which the Parties sought Court approval and the unrelated claims as discussed herein and which are the subject of the mutual release. The Settlement Agreement negotiated and reached by the Parties reflects a reasonable settlement of the disputed issues and a reasonable means for all

Parties to minimize future risks and litigation costs. The Parties sincerely hope to end this legal matter and put this behind them.

## IV. Conclusion

The Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Respectfully submitted this 11th day of March, 2022.

| */s/ Jolie N. Pavlos*<br>JOLIE N. PAVLOS, ESQ.<br>Florida Bar. No 0125571<br>Morgan & Morgan, P.A.<br>20 N. Orange Ave., 15th Floor<br>Orlando, FL 32802-4979<br>Telephone: (407) 420-1414<br>Facsimile: (407) 245-3401<br>E-mail: **JPavlos@forthepeople.com**<br>*Attorney for Plaintiff* | */s/ David S. Cohen*<br>Law Offices of David S. Cohen, ESQ.<br>David Cohen & Lee Bernbaum<br>FL Bar No.: 0970638<br>5728 Major Blvd, Suite 550<br>Orlando, FL 32819<br>Phone: 407-354-3420<br>Fax: 407-354-3840<br>Email: david@dscohenlaw.com<br>lbernbaum@dscohenlaw.com<br>*Attorneys for Defendants* |
|---|---|