## AMENDED SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Amended Settlement Agreement and General Release (the "**Agreement**") is entered into by Ophelia Walker, for herself, her heirs, executors, administrators, successors and assigns (hereinafter collectively referred to as "**Walker**"), and Kirkman Management, LLC and Helen Kwok a/k/a Helen James, for themselves, their successors, predecessors, parents, subsidiaries, affiliates, shareholders, divisions, and related companies, and their respective present and former employees, officials, directors, officers, agents, attorneys, and insurers (collectively, hereinafter "**Kirkman**").

WHEREAS, Walker was affiliated with Kirkman; and

WHEREAS, disputes have arisen between Walker and Kirkman;

WHEREAS, all parties mutually desire to enter into this Settlement Agreement and General Release; and

WHEREAS, Walker has carefully read and fully understands all of the provisions and effects of the Settlement Agreement and General Release; and

WHEREAS, the parties desire, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, to affect a full, complete, final and binding settlement and compromise of all disputes and/or issues prior to the date this Agreement is signed;

NOW THEREFORE, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, the parties agree as follows:

1. <u>Consideration.</u> In consideration for the execution of this Settlement Agreement and General Release (the "Agreement") and in compliance with the promises made herein, Kirkman shall pay or cause to be paid the total settlement sum of FIVE THOUSAND AND 00/100 DOLLARS (USD) ($6,750.00). Kirkman will make said payment as described below:

    a. A check in the amount of ONE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 DOLLARS (USD) ($1,750.00) made payable to Walker, for unpaid wages, receipt of which the Plaintiff acknowledges.;

    b. A check in the amount of ONE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 DOLLARS (USD) ($1,750.00) made payable to Walker, for liquidated damages;

    c. A check in the amount of TWO HUNDRED AND FIFTY 00/100 DOLLARS (USD) ($250.00) made payable to Walker, in exchange for execution of a mutual general release, receipt of which the Plaintiff acknowledges;

    d. A check in the amount of THREE THOUSAND AND 00/100 ($3,000.00) made payable to Morgan & Morgan, P.A. for attorneys' fees and costs, receipt of which counsel acknowledges.

    a. Payment shall be due on or before fourteen (14) days after the Court approves this Agreement and dismisses this action.

These amounts shall constitute the full and complete satisfaction of all amounts owed to Walker from Kirkman. Further, Walker understands and agrees that she would not receive as consideration the payment(s) specified above, but for her execution of this Agreement and her agreement to fulfill the promises as described herein.

**All settlement payments not previously made shall be delivered to Jolie Pavlos, Esq., Morgan & Morgan, P.A., 20 N. Orange Ave., suite 1600, Orlando FL 32801, via hand delivery, or Federal Express or similar overnight delivery service. If Kirkman chooses a delivery service, tracking must be included.**

2. <u>Default</u>. Time is of the essence. If Kirkman fails to deliver checks by fourteen (14) days after the Court approves this Agreement and dismisses this action, Kirkman will be considered to have defaulted on this agreement. Should Kirkman default on this agreement, Walker shall be entitled to a consent final judgment in the sum equal to the Settlement Amount, less any payments made to Walker, against Kirkman Management, LLC. Walker shall be entitled to said consent final judgment upon the filing of an affidavit of non-payment by Walker or Walker's counsel in this Action. A proposed draft of the Consent Final Judgment shall be submitted to Kirkman's counsel. Approval shall not be unreasonably withheld and after five (5) business days from the delivery of the proposed consent final judgment, if the Parties cannot agree to the form and language of the consent final judgment, Walker shall be entitled to file same for execution by the court and it will be Kirkman's burden to challenge the consent final judgment in court.

3. <u>No Admission of Liability</u>. It is expressly understood and agreed that the acceptance of the said consideration and the signing of this Agreement shall not in any way be construed as an admission by Kirkman that it has acted wrongfully with respect to Walker or any other person or employee. Kirkman specifically disclaims any liability to or wrongful acts against Walker.

4. <u>Mutual General Release.</u>

    a. Based on the consideration described above, which Walker agrees is sufficient consideration, Walker hereby fully and finally releases and discharges Kirkman from any and all claims, demands, rights, damages, costs, losses, suits, actions, causes of action, attorneys' fees, expenses, salary, stock options, commissions, bonuses, wages, overtime or any sums of any nature whatsoever, in law or in equity, known or unknown, arising from or by reason of any matter, act omission, cause or thing whatsoever, whether known or unknown, foreseen or unforeseen, through the date of this Agreement, including without limitation: any and all claims by or on behalf of Walker that Kirkman has ever committed any statutory violation or other wrong with respect to Walker insofar as such claims have or could have been asserted by Walker; any and all claims of other liability or

damage of any nature whatsoever which have arisen or might have arisen from any alleged acts, omissions, events, circumstances or conditions related to Walker's purported employment with and/or separation from Kirkman including, but not limited to, claims for breach of contract, commissions, overtime pay and/or any fact or occurrence up through the date of this agreement, including any alleged acts of harassment, discrimination or retaliation by Kirkman; age discrimination, workers' compensation retaliation, intentional infliction of emotional distress, constructive discharge, wage and hour, assault and battery and any other tort (including, but not limited to, any and all claims of negligent hiring, retention and/or supervision, intentional or negligent invasion of privacy, defamation, compelled defamation, intentional or negligent infliction of emotional harm, libel, slander, invasion of privacy or violations of public policy), any and all legal restrictions on Kirkman's right to terminate employees, or any federal, state or other governmental statute, regulation or ordinance, including any and all claims for monetary recovery, including past or future lost wages, mental anguish, pain and suffering, any liquidated, compensatory or punitive damages and attorneys' fees, expenses and interest; and any and all claims whatsoever asserted by Walker against Kirkman and for or on account of any matter or thing whatsoever occurring up to and including the date of execution of this Agreement. The statutory claims released by this Agreement include, but are not limited to, claims brought under:

Title VII of the Civil Rights Act of 1964, as amended in 1991;
The Employee Income Retirement Security Act ("ERISA");
The Age Discrimination in Employment Act;
The Older Worker Benefit Protection Act;
The Fair Labor Standards Act;
The Americans with Disabilities Act;
The Family and Medical Leave Act;
The National Labor Relations Act;
The Fair Credit Reporting Act;
The Immigration Reform Control Act;
Executive Order 11246;
OSHA;
The Equal Pay Act;
The Uniformed Services Employment and Reemployment Rights Act;
The Worker Adjustment and Retraining Notification Act;
The Employee Polygraph Protection Act;
Electronic Communications Privacy Act;
Computer Fraud and Abuse Act;
Health Insurance Portability Act; and
Any state or federal anti-discrimination, consumer protection and/or trade practices act.

The following are also covered by the above-referenced Release: The Florida Civil Rights Act, the Florida Whistleblower Act, the Florida Workers' Compensation Act, and Florida laws, statutory or common law, regarding

Case 6:20-cv-01149-ACC-EJK   Document 74-1   Filed 03/11/22   Page 4 of 5 PageID 426

political activities of employees, lie detectors, jury duty, employment protection, consumer reports, discrimination, privacy rights and/or interests of employees, and any and all state, municipal and local laws and ordinances by the State of Florida.

b. Additionally, Kirkman hereby unconditionally, fully and finally releases and forever discharges Walker from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which Kirkman have, ever had, or may in the future claim to have against Walker based on any act or omission concerning any matter, cause, or thing before the date of this Agreement and up to the time of the execution of this Agreement.

5. <u>Dismissal.</u> The Parties affirm that they will cooperate to file all necessary documents with the Court to obtain a dismissal with prejudice of Walker's pending case, *Walker v. Kirkman Management, LLC, et. al.*, Case No: 6:20-CV-1149-ACC-EJK (M.D. Fla.).

6. <u>Severability.</u> The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable.

7. <u>Successors and Assigns</u>. The parties agree that this Agreement shall be binding on and inure to the benefit of the parties and their respective heirs, legal representatives, successors, and assigns.

8. <u>Knowing and Voluntary Release</u>. Walker further states that she has carefully read this Agreement and knows and understands its contents and that Walker executes it on Walker's own free will and volition and enters into the Agreement knowingly and voluntarily.

9. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the parties hereto. Walker acknowledges that Walker has not relied on any representation, promises, or agreements of any kind made in connection with the decision to sign this Agreement, except for those set forth in this Agreement.

10. <u>Applicable Law</u>. This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced, and governed by and under the laws of the State of Florida.

11. <u>Consequences of Breach</u>. In the event that any of the Parties breach any of the provisions of this Agreement, the non-breaching Party will be entitled to bring suit to recover any and all alleged damages, both direct and consequential, that may be sustained and, in addition, will be entitled to specific performance and/or a temporary or permanent injunction prohibiting and enjoining the breaching Party from violating this Agreement.

12. <u>Jurisdiction and Venue.</u> In the event of any future dispute, controversy or claim between the parties arising from or relating to this Agreement, its breach, and/or any matter

addressed by this Agreement, the parties hereby agree and consent to the jurisdiction and venue of the United States District Court, Middle District of Florida, for any dispute, controversy or claim.

**IN WITNESS WHEREOF, all parties have executed this Settlement Agreement:**

OPHELIA WALKER

By: _[signature]_

Print: Ophelia Walker

Date: 3/7/2022

KIRKMAN MANAGEMENT, LLC

By: _[signature]_

Title: Helen Kwok, as representative

Date: March 11, 2022

HELEN KWOK

By: _[signature]_

Title: self/individual

Date: March 11, 2022